United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40110
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JESUS LUCIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-730-2
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges

PER CURIAM:[*]

Jose Jesus Lucio challenges his 135-month sentence for
possession of more than five kilograms of cocaine with the intent
to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)
and 18 U.S.C. § 2.  First he asserts that the district court
clearly erred in finding that he was a leader or organizer of the
drug trafficking offense.  According to the Presentence
Investigation Report, Lucio recruited his co-defendant to
participate in the drug trafficking scheme; Lucio was closer to
the supplier than his co-defendant; Lucio arranged for the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transportation of the drugs, while the co-defendant merely supplied interim storage space and assisted Lucio in the delivery of the narcotics; and Lucio had more to gain financially than his co-defendant. The probation officer obtained this information from the investigative reports submitted by the Immigration and Customs Enforcement Office. In addition, Special Agent Hover confirmed during the sentencing hearing that the supplier did not have contact with the co-defendant and that Lucio was in charge of both transporting the narcotics and storing them at the co-defendant's house.

The only rebuttal evidence offered by Lucio was his testimony that both he and his co-defendant received telephone calls from the supplier. Because Lucio's status as a leader or organizer of the offense is plausible in light of the record as a whole, we find no clear error. See U.S.S.G. § 3B1.1(c), cmt. 4; United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001).

Next Lucio asserts that there was an insufficient nexus between the drug trafficking activity and the presence of an unloaded handgun in his co-defendant's kitchen at the time of his arrest to justify a firearm enhancement. However, he fails to brief this issue adequately for the court's consideration. Although he asserts that there was no indication that the firearm was used or possessed during the drug trafficking activity, he fails to cite any authority for his argument that the enhancement was improper. An argument that is not supported with citation to

authority is deemed abandoned.  See Yohey v. Collins, 985 F.2d

222, 224-25 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.